[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14185
Non-Argument Calendar

_____

D. C. Docket No. 06-14003-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIO VILLALONA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 8, 2007)**

Before TJOFLAT, BIRCH  and BARKETT, Circuit Judges.

PER CURIAM:

Octavio Villalona appeals his 235-month sentence imposed after his plea of

guilty for transporting child pornography in interstate commerce by means of a computer, in violation of 18 U.S.C. § 2252(a)(1), and for using an internet service as a means of interstate commerce to induce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

On appeal, Villalona challenges the procedural reasonableness of his sentence. First, he contends that his sentence was unreasonable because the district court adopted a presumption that a sentence within the applicable guideline range was reasonable. He cites the district court's limited statement before imposing sentence as further evidence of unreasonableness. Villalona argues that such deference to the guideline range was especially inappropriate here because the sex offender guidelines are based on generalizations regarding sex offenders. As a result, he states, the sentence contravenes the purposes of sentencing found in 18 U.S.C. § 3553(a). Specifically, Villalona argues that the district court failed to take account of the testimony of witnesses regarding his strong family ties, lower likelihood of recidivism, and depression, which he argues should have led to a shorter sentence.

We review final sentences imposed by the district court for reasonableness. United States v. Arevalo-Juarez, 464 F.3d 1246, 1249 (11th Cir. 2006). Reasonableness review is deferential, and should focus on "whether the sentence

2

imposed fails to achieve the purposes of sentencing enumerated in § 3553(a)." Id. Villalona is challenging the sentence, thus he "bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).[1]

The district court first must correctly calculate the guideline range, and then impose a sentence by using the § 3553(a) factors, as long as that sentence is reasonable. Id. at 786. Although we stated that we "would expect a sentence within the Guidelines range to be reasonable," Talley, 431 F.3d 788, we do not "presume reasonable a sentence within the properly calculated Guidelines range," United States v. Campbell, 491 F.3d 1306, 1313 (11th Cir. 2007). While the Supreme Court recently upheld decisions of other circuits to afford such a presumption, the district court may not indulge in such a presumption at sentencing. See United States v. Rita, 551 U.S. ___, ___, 127 S.Ct. 2456, 2462-65, 168 L.Ed.2d 203 (2007).

The district court need not discuss each factor in § 3553(a), Talley, 431 F.3d at 786, nor is it required to "explicitly articulate that it had considered the § 3553(a) factors," so long as the circumstances indicate that it did consider the statutory factors. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007).

---

[1] It is unnecessary to reach the government's arguments regarding plain error and waiver.

We must be satisfied that the sentencing judge "considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at ___, 127 S.Ct. at 2468; accord United States v. Agbai, No. 06-15691, manuscript op. at 8 (11th Cir. August 31, 2007)

Upon review of the presentence investigation report and sentencing transcript, and upon consideration of the briefs of the parties, we discern no reversible error. Here, the record is devoid of any evidence that the district court presumed reasonable the 235-month sentence at the low end of the guideline range. Thus, Villalona's claim that the district court adopted a presumption that a sentence within the guideline range is reasonable must fail. In addition, the district court heard Villalona's arguments and witness testimony regarding mitigating factors, and it stated that it had considered Villalona's arguments, the sentencing guidelines, and the statutory factors upon issuing the sentence. These circumstances demonstrate that the district court considered the factors in § 3553(a), the parties' arguments, and the guideline range, which is sufficient to satisfy our review of the sentence for procedural reasonableness. Villalona also fails to substantiate his claim that generalizations about sex offenders in the guidelines rendered his sentence unreasonable.

**AFFIRMED.**